**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge John L. Kane**

Civil Action No. 16-cv-02900-JLK
(Criminal Action No. 13-cr-00238-JLK)

UNITED STATES OF AMERICA,

v.

CHESTON JEROME FOSTER,

   Defendant.

---

## ORDER DENYING 28 U.S.C. § 2255 MOTION

---

This matter is before the Court on the *pro se* "2255 Motion to Vacate, Set Aside and Correct Sentence" (ECF No. 175) filed November 28, 2016, by Defendant Cheston Jerome Foster. The Court must construe the motion liberally because Defendant is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will deny the motion.

On March 20, 2014, Defendant entered a plea of guilty to assault and robbery of a postal service employee and aiding and abetting in violation of 18 U.S.C. §§ 2114(a) and 2. (*See* ECF No. 127). Prior to sentencing, the U.S Probation Office prepared a Presentence Investigation Report ("PSR"), which calculated Defendant's base offense level as 20 under U.S.S.G. § 2B3.1. (*See* ECF No. 140 at 5). Defendant's offense level was increased by 2 levels because Defendant stole post office property, and by 3 levels because Defendant brandished or possessed a dangerous weapon. (*Id.*). Next,

Defendant's offense level was reduced by 3 levels for accepting responsibility and assisting authorities. (*Id.* at 5-6). Accordingly, Defendant's total offense level was calculated to be 22. (*Id.* at 6). The PSR further determined that, based on Defendant's prior criminal convictions, he had a subtotal criminal history score of 13. (*Id.* at 13). Under U.S.S.G. § 4A1.1(d), Defendant's criminal history score was increased by 2 points because Defendant committed the instant offense while under a criminal justice sentence for parole. (*Id.*). Therefore, Defendant's total criminal history score was 15, which establishes a criminal history category of VI. (*Id.*). The PSR noted that the maximum term of imprisonment for violating § 2114(a) was 25 years imprisonment. (*Id.* at 19). Based upon a total offense level of 22 and a criminal history category of VI, the guideline imprisonment range under the Sentencing Guidelines was 84 to 105 months. (*Id.*). On June 17, 2014, the Court imposed a sentence of 84 months imprisonment. (ECF No. 151). Judgment entered the same day. (*Id*).

Defendant contends in the § 2255 motion that his counsel was ineffective, and that his conviction must be vacated or reduced in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015). In *Johnson*, the United States Supreme Court held that enhancing a sentence under the "residual clause" of the Armed Career Criminal Act ("ACCA") violates a defendant's right to due process because that portion of the statute is unconstitutionally vague. *See id.* at 2563. The Court has carefully reviewed the record, and denies the § 2255 motion because the record conclusively shows that Defendant is not entitled to relief.

Pursuant to 28 U.S.C. § 2255(f), a one-year limitation period applies to a motion

to vacate, set aside, or correct a federal sentence.  That statute provides as follows:

> A 1-year period of limitation shall apply to a motion under this section.  The limitation period shall run from the latest of–
>
> (1)  the date on which the judgment of conviction becomes final;
>
> (2)  the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3)  the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4)  the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Defendant's claim alleging ineffective assistance of counsel is untimely.  As stated above, Defendant's judgment of conviction was entered on the docket on June 17, 2014.  Because Defendant did not file a direct appeal, his conviction became final on July 1, 2014, fourteen days after the judgment was entered.  *See United States v. Burch*, 202 F.3d 1274 (10th Cir. 2000); Fed. R. App. P. 4(b)(1)(A) and 26(a).  The Court further finds that the one-year limitation period in this action began to run on July 2, 2014, the day after Defendant's conviction became final, and ran until it expired on July 1, 2015.  Because Defendant did not file his § 2255 motion until November 28, 2016, the ineffective assistance of counsel claim is time-barred under § 2255(f)(1).

Defendant's claim asserted pursuant to *Johnson* is both misplaced and untimely. Defendant argues that under *Johnson* his sentencing range, calculated pursuant to the Sentencing Guidelines, was incorrectly adjusted upward by 3 points because he admitted to brandishing or possessing a dangerous weapon. (*See* ECF No. 175 at 1, 4). As noted above, Defendant was not sentenced as an armed career criminal under the ACCA. Moreover, the PSR did not apply an enhancement that has been implicated by *Johnson*. The PSR did not consider Defendant to be an armed career criminal subject to the ACCA's residual clause, nor did it consider him to be a career offender subject to U.S.S.G. § 4B1.2's residual clause. Defendant's base offense level was calculated in accordance with § 2B3.1, a provision of the Guidelines that was not impacted by the *Johnson* decision. In sum, Defendant's reliance on *Johnson* is misplaced.

Moreover, even if Defendant properly asserted a *Johnson* claim, it would be time-barred. While "*Johnson* announced a substantive rule that has retroactive effect in cases on collateral review," *Welch v. United States*, 136 S. Ct. 1257, 1268 (2016), the Supreme Court announced its decision in *Johnson* on June 26, 2015. Thus, Defendant had until June 26, 2016 to file a claim under *Johnson*. As a result, any claim asserted pursuant to *Johnson* in the § 2255 motion filed November 28, 2016 is untimely.

The one-year limitation period in 28 U.S.C. § 2255(f) is not jurisdictional and is subject to equitable tolling. *See United States v. Gabaldon*, 522 F.3d 1121, 1124 (10th Cir. 2008). Equitable tolling is appropriate "'when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary

4

circumstances beyond his control.'" *Id.* (quoting *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000)). A credible showing of actual innocence also provides a gateway to consideration of an otherwise untimely claim of constitutional error as an equitable exception to the one-year limitation period. *See McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928 (2013) (considering claim of actual innocence in context of one-year limitation period in 28 U.S.C. § 2244(d)). However, "tenable actual-innocence gateway pleas are rare." *Id.* To be credible, a claim of actual innocence requires a petitioner "to support his allegations of constitutional error with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995); *see McQuiggin*, 133 S. Ct. at 1936 (applying actual innocence test in *Schlup* to one-year limitation period in § 2244(d)). The petitioner then must demonstrate "that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Schlup*, 513 U.S. at 327; *see also McQuiggin*, 133 S. Ct. at 1924. Although the actual innocence test does not require a showing of diligence, untimeliness "bear[s] on the credibility of evidence proffered to show actual innocence." *McQuiggin*, 133 S. Ct. at 1935. Thus, "a federal habeas court, faced with an actual-innocence gateway claim, should count unjustifiable delay on a habeas petitioner's part, not as an absolute barrier to relief, but as a factor in determining whether actual innocence has been reliably shown." *Id.* at 1928.

Defendant fails to allege any facts that demonstrate he has diligently pursued his claim or that he was prevented from filing in a timely manner by extraordinary

circumstances beyond his control.  He also fails to allege facts that demonstrate he is actually innocent.  Therefore, equitable tolling is not appropriate and the § 2255 motion will be denied as untimely.

Under Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, a "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  Under 28 U.S.C. § 2253(c)(2), the Court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right."  Such a showing is made only when "a prisoner demonstrates 'that jurists of reason would find it debatable' that a constitutional violation occurred, and that the district court erred in its resolution." *U.S. v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).  The Court will not issue a certificate of appealability because Defendant has not made a substantial showing of the denial of a constitutional right.

The Court also certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.  See *Coppedge v. United States*, 369 U.S. 438 (1962).  If Defendant files a notice of appeal he also must pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.  Accordingly, it is

ORDERED that the motion to vacate pursuant to 28 U.S.C. § 2255 (ECF No. 175) is DENIED.  It is

FURTHER ORDERED that no certificate of appealability will issue because Defendant has not made a substantial showing of the denial of a constitutional right. It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is DENIED without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.

DATED at Denver, Colorado, this 13th day of December, 2016.

BY THE COURT:

*/s/ John L. Kane*
JOHN L. KANE
United States District Judge